### FETCHKO v KOVATCH

Ohio Appeals, 8th Dist, Cuyahoga Co No. 11,147. Decided April 22, 1931

Bernsteen & Bernsteen, Cleveland, for Fetchko.

Niman & Buss, Cleveland, for Kovatch.

ROSS, PJ, and HAMILTON and CUSHING, JJ, (1st Dist) sitting.

ROSS, PJ.

It is for this court to determine whether the evidence claimed to be **material, newly discovered,** and **diligently sought** previous to the trial, as such evidence is represented in the affidavits submitted in support of the motion, is of such character. If it is, the motion for a new trial should have been granted and the overruling of the motion would constitute error prejudicial to the plaintiff in error.

It is undoubtedly true that the unsuccessful litigant is in most cases convinced that a retrial of a cause would be to his advantage. Considerations requiring stability of judgments once obtained and the manifest wisdom and justice in terminating litigation at as early a date as is consistent with substantial justice deter reviewing courts from any liberal exercise of the power of reversal where the trial court has overruled motions for new trial based upon the ground of newly discovered evidence.

A review of the evidence in this case and the affidavits shows that the alleged newly discovered evidence is all merely cumulative, with the exception of the affidavit of Julius Kertes. From the affidavit of Luckay it, however, appears that the counsel of plaintiff knew of Kertes but did not use him as a witness, because they considered his evidence antagonistic to the interest of plaintiff. The affidavits also wholly fail to show such diligence as would warrant any intervention upon the ground urged. For the reason, therefore, that the new evidence would have been easily secured with ordinary diligence and that it is, except as hereinbefore indicated, merely cumulative, there was no abuse of discretion in the trial court in refusing to grant the motion upon the ground of newly discovered evidence. **Moore v Coates, 35 Oh St, 177. State v Lopa, 96 Oh St, 410. Mason v Tremayne, 115 Oh St, 398. Sorochak, etc. v Reed, 31 Oh Ap, 401. Walker v Cleveland Metal Bed Co., Gongwer State Reports, No. 2563, April 26, 1930. Streeter v Heilman, 26 Oh Ap, 492. Jacob's Administrator v Canine, 7 Oh Ap, 268. Rail-**

way v Gibson, 18 O. C. C. (n.s.) 268. McLaughlin v State, 20 O. C. C. (n.s.) 492. Box Co. v Lawson, 23 O. C. C. (n.s.) 397. Duncan v Kiger, 6 Oh Ap, 57. Fritch v Traction Co., 14 O. C. C. (n.s.) 79.

While counsel have urged that the motion should have been granted upon the ground of newly discovered evidence, both the motion for a new trial and the petition in error contained as an assignment of error, that the verdict was against the weight of the evidence. We hold that the motion should have been granted upon this basis.

The evidence of culpability as well as identification of the defendant was in our opinion so plain that we must conclude that the jury arrived at its verdict without any reference thereto.

In view of the necessity for a new trial of the case, we refrain from commenting upon the evidence in detail.

We hold the trial court committed error in failing to grant the motion for a new trial, and we reverse the judgment of the Court of Common Pleas upon the weight of the evidence, and remand the case to that court for a new trial.

HAMILTON and CUSHING, JJ, concur.